Sutton *v.* McCoy,

## PITFORD *v.* ARMSTRONG.

Trespasser—force in defence of possession—may take possession from wrong doer.

A man in possession of a house may assault and beat off any one wrongfully forcing his way into it.

If he go beyond defence, and use force to obtain possession, or for revenge or punishment of the aggressor, he is a trespasser.

The owner of land may take the possession from a wrong doer, and hold it, but is liable if he break the peace or use force.

TRESPASS, quare clausum fregit, assault, &c. Plea: 1. Not guilty. 2. That the act was done in defence of the possession of defendant's house.

---

### JUDGES—LANE AND WRIGHT.

---

### SUTTON *v.* McCOY.

Appeal bond—approbation of the clerk—filing.

The security in an appeal bond is required to be approved by the clerk, but the bond need not be executed *before* him.

If the clerk express his approbation of a security, and he execute an appeal bond, which is given to the clerk, within the thirty days, it perfects the appeal, though it was sealed up and so laid away.

APPEAL from the Court of Common Pleas.

*S. W. Culbertson* moved to dismiss the appeal, because the Com-

Walpole v. Griffin and Sapp.

mon Pleas having closed its term on the 15th March, the appeal bond, although executed on the 12th April, was not handed to the clerk until the 14th of April; was then enclosed in an envelope, and the clerk, not knowing what it was, did not open it till May ; *so the bond was not approved in time*, or executed in presence of the clerk.

BY THE COURT. It appears, that before the bond was executed, the clerk told the appellant he would receive the securities in it. The bond was executed in time, and handed to the clerk. He laid it away without opening till after the 30 days had expired. We think this not very material. The law requires the clerk to approve the securities, not that the bond shall be executed before him ; he did approve the security in this cause. Motion overruled.